The document below is hereby signed.

Signed: June 27, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PHYLLIS ANNE PRICER, | ) | Case No. 09-00452 |
| | ) | (Chapter 7) |
| Debtor. | ) | For publication in West's |
| | ) | Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER RE PROCEDURES TO BE FOLLOWED
BY THE DEBTOR IN PURSUING HER MOTION TO CONVERT TO CHAPTER 13

The debtor has moved to convert her case to chapter 13, but neglected to serve the motion on the chapter 7 trustee as required by Fed. R. Bankr. P. 9013.[1]  Although I will require service on the chapter 7 trustee and the United States Trustee, I will not require notice of an opportunity to oppose the motion or notice of the motion to be sent to creditors.

Under 11 U.S.C. § 706(a), a debtor "may convert a case" to a case under chapter 13 if, as here, the case was not converted to a case under chapter 7 from another chapter.  But under 11 U.S.C.

---

[1]  Although the trustee has been given notice of the filing through the court's Electronic Case Filing system, that is not the same as the debtor's serving the motion on the trustee, and in order to flag that the motion is a matter that the trustee may wish to address, the court will require that the debtor serve the motion by mail.

§ 706(d), a case may not be converted to chapter 13 unless the debtor may be a debtor in chapter 13.  The debtor may not be a debtor in chapter 13, and conversion to chapter 13 may be denied, if the debtor does not meet the eligibility requirements of 11 U.S.C. § 109(e), or if the case is one of the "atypical" and "extraordinary" cases in which the debtor, through bad faith, has forfeited the right to proceed in chapter 13.  *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 371, 375 n.11 (2007).

Conversion pursuant to a motion of the debtor under § 706(a) does not require "notice and a hearing" as is required when a party seeks conversion under 11 U.S.C. § 706(b).  Accordingly, the requirement in Fed. R. Bankr. P. 2002(a)(4) of sending notice to the creditor body of the hearing on the conversion of a chapter 7 case to another chapter does not apply (unless the court directs that a hearing be held).  *See In re Croston*, 313 B.R. 447, 454 (B.A.P. 9th Cir. 2004) (quoting the advisory committee notes to Fed. R. Bankr. P. 1017, which state that a motion to convert pursuant to § 706(a) is not automatically a contested matter and no hearing is required on the unopposed motion unless the court directs).  *But see In re Adler*, 329 B.R. 406, 409 (Bankr. S.D.N.Y. 2005) (treating Rule 2002(a)(4) as applicable to a debtor's motion under 11 U.S.C. § 1112(a), which like a motion under § 706(a) contains no requirement of a "notice and a hearing," without discussing the absence of a "notice and a

hearing" requirement in § 1112(a)); *In re Ponzini*, 277 B.R. 399, 405 (Bankr. E.D. Ark. 2002) (presuming that Rule 2002(a)(4) notice of hearing is required on a § 706(a) motion without addressing the fact that § 706(a) does not contain a "notice and a hearing" requirement); *In re Young*, 269 B.R. 816, 822 (Bankr. W.D. Mo. 2001) (same); *In re Starkey*, 179 B.R. 687, 698 (Bankr. N.D. Okla. 1995) (same); *In re Spencer*, 137 B.R. 506, 513 (Bankr. N.D. Okla. 1992) (same).  Because the case can be re-converted to chapter 7 from chapter 13, the decision by Congress to dispense with a requirement of a "notice and a hearing" in § 706(a) and a court's decision not to impose such a requirement does not amount to a denial of due process.  Although a court, in an exercise of discretion, may elect to apply Rule 2002(a)(4) to any motion to convert under § 706(a), *see In re Carrow*, 315 B.R. 8, 20 (Bankr. N.D.N.Y. 2004), adopting such an approach to *every* § 706(a) motion would be overkill.

Consonant with the lack of "notice and a hearing" requirement in the statute, Fed. R. Bankr. P. 1017(f)(1) provides that a motion under § 706(a) does not commence a contested matter under Fed. R. Bankr. P. 9014(a) .  Thus, the motion does not require "notice and opportunity for hearing" under Fed. R. Bankr. P. 9014(a) and corresponding notice of an opportunity to object under Local Bankruptcy Rule 9013-1(b)(3).  "The consequence of not being automatically subjected to Rule 9014 is that there is a

presumption that a hearing will not be held unless the court so orders; this was the specific purpose of the 1987 amendment to Rule 1017 that created categories of conversion and dismissal motions. Fed. R. Bankr. P. 1017, advisory committee's note to 1987 amendments." *In re Croston*, 313 B.R. at 454 (footnote omitted). As noted in John Rao, *Impact of Marrama on Case Conversions: Addressing the Unanswered Questions*, 15 Am. Bankr. Inst. L. Rev. 585, 592 (2007), "if the *Marrama* decision is intended to help courts avoid unnecessary procedural burdens, no rule change making all section 706(a) motions a contested matter is justified." In the extraordinary case in which a trustee or creditor who is monitoring the case would have an incentive to object to conversion, such an entity can be expected promptly to alert the court of the desire to object to the motion. Experience teaches, however, that it is extremely rare for a party to pursue either such an objection or, if the case is converted before such an objection could be filed, a motion to vacate or a motion for re-conversion to chapter 7 on grounds that would have supported an objection to conversion in the first instance.

There is good reason for Congress having opted not to impose a "notice and a hearing" requirement for a debtor's motion to convert a case under chapter 7 to a case under chapter 13 pursuant to § 706(a). If the debtor is eligible to be a debtor

4

in a chapter 13 case, and did not convert her case to chapter 7 from another chapter, it makes sense promptly to grant a motion to convert to chapter 13 as that will advance the interest of creditors in having plan payments in the chapter 13 case commence sooner rather than later, and in securing a dismissal of the case or re-conversion of the case to chapter 7 if the debtor does not obtain a confirmed plan in chapter 13 (or defaults on such a plan). Moreover, the two possible bases for denying conversion of such a case do not warrant instituting a requirement of "notice and a hearing" for every § 706(a) motion.

As to the first basis for denying conversion under § 706(a) (when there has been no prior conversion of the case), ineligibility under § 109(e) to be a debtor in a chapter 13 case, the court can set a hearing to address that issue if the debtor's schedules suggest that the debtor's debts exceed debt limitations on eligibility. Whether the debtor is not "an individual with regular income" as defined in 11 U.S.C. § 101(30) depends on the debtor's current income as of the requested conversion, and the chapter 13 trustee routinely explores the § 101(30) issue in every chapter 13 case. Once the court converts the case under § 706(a) to chapter 13 without "notice and a hearing," all issues of eligibility remain live issues that the chapter 13 trustee and creditors may address in the chapter 13 case.

Section 706(d) does not require that, before a case will be

converted under § 706(a) to chapter 13, the court must require the debtor to put on proof of eligibility and that the court will make an adjudication regarding eligibility that is binding on creditors.  Instead, § 706(d), in combination with the court's discretion not to require "notice and a hearing" under § 706(a), permits a court to deny the motion to convert if the court decides to hold a hearing to delve into the issue of eligibility and determines that the debtor is ineligible, but otherwise does not provide for an adjudication of the eligibility issue (because there was no hearing) in a manner that is binding on creditors. If the debtor is ineligible to be a debtor in chapter 13, an order converting the case to chapter 13 (without the court having required notice to creditors regarding the motion) has no binding effect on creditors (or on the chapter 13 trustee as the representative of their interests) with respect to the § 109(e) eligibility issue.

Moreover, a motion to convert to chapter 13 may arise at an early stage of the case when the trustee and creditors have had little opportunity to explore whether the debtor meets § 109(e) eligibility requirements for a chapter 13 case, in contrast to chapter 13 where the debtor will be asked about eligibility when the debtor is examined at the meeting of creditors under 11 U.S.C. § 341 as a preliminary step before any chapter 13 plan can be confirmed.  Under 11 U.S.C. § 1302(b)(2)(B) the chapter 13

trustee is obligated to address § 109(e) eligibility because it affects whether a plan can be confirmed.

In addition, a chapter 7 trustee may have little incentive to litigate the issue of § 109(e) eligibility.  If there are no assets to administer for the benefit of creditors in a chapter 7 liquidation case, the chapter 7 trustee, who would receive no additional compensation for litigating the issue of eligibility, will likely have no incentive to litigate the issue.  Creditors will be better off having the issue litigated by the chapter 13 trustee who has a statutory obligation to address the issue. Even if there are assets that the chapter 7 trustee could administer for the benefit of creditors, the chapter 7 trustee may be content to let the chapter 13 trustee address § 109(e) eligibility (as she will have an obligation to do so under § 1302(b)(2)(B)).  If the debtor is ineligible for chapter 13 relief, and the case is re-converted to chapter 7, the same chapter 7 trustee is likely to be appointed (at least in this district, in which the same chapter 7 trustee is traditionally re-appointed to serve as trustee).  It is better to let the issue of ineligibility be addressed by the standing chapter 13 trustee, who reliably takes responsibility for raising any issue of ineligibility and diligently litigates such issues.

As to the second basis for denying conversion, the forfeiture of the right to convert due to bad faith, *Marrama*

recognizes that such a forfeiture is the atypical and extraordinary case.[2] In cases such as this one, in which the debtor has not yet appeared at a meeting of creditors, and no creditor has filed a request to receive all notices in the case, it is unlikely that the trustee or a creditor has discovered misconduct that amounts to bad faith warranting denial of a motion to convert. Even when the trustee or a creditor suspects or has discovered that there is such bad faith, and has an incentive to object to conversion of the case to chapter 13, the trustee or creditor can promptly file a request for additional time to investigate the issue and to explore the possibility of filing an opposition to the motion, or they can file a motion to vacate if the court acts on the motion before the trustee or creditor can make such a request.

It makes little sense to engage in an expensive and time-consuming 20-day notice procedure as provided for under Rule 2002(a)(4) for *every* § 706(a) motion to convert to chapter 13. Instead, unless the docket suggests that there is a clear

---

[2] Without deciding the issue, I assume that bad faith exists not only when, as in *Marrama*, the debtor has engaged in such misconduct as not disclosing all assets, but also if it is plain that cause currently exists that would require re-converting the case to chapter 7 if it were converted to chapter 13. An example is a debtor who is plainly unable to comply with the requirements to confirm a chapter 13 plan (such as, an inability to pay through a plan, as required by 11 U.S.C. § 1322(a)(2), the entire amount of a whopping allowed priority claim owed a creditor who has made plain it will not accept less than full payment).

issue of ineligibility or bad faith, or some other reason to suggest that creditors might take an active interest in the issue of conversion, the court will grant the debtor's § 706(a) motion unless the trustee signals to the court within five days after the filing of a certificate reflecting service of the motion on the trustee that the trustee wishes to oppose (or to consider opposing) the motion to convert.[3]  The chapter 7 trustee has extensive experience in administering chapter 7 cases and will be readily able to alert the court if this is the extraordinary case in which the trustee wishes to explore pursuing an opposition to the motion, or if he is aware of a creditor who might wish to explore opposing the motion.  If the court enters an order granting the motion to convert, erroneously assuming that neither the trustee nor any creditor wishes to oppose the motion, the trustee or creditor may file a motion to vacate under Fed. R. Bankr. P. 9023, and the court will permit time for a response to the motion to convert.  *See In re Porreco*, 333 B.R. 310 (Bankr. W.D. Pa. 2005) (court addressed issue of an allegedly bad faith conversion motion pursuant to a Rule 9023 motion to reconsider).

To delay granting the motion to convert until after a 20-day notice procedure has been followed, however, would defeat the

---

[3]  Because a meeting of creditors is set for July 1, 2009, the trustee is authorized to give notice continuing that meeting to a later date pending his addressing the motion to convert, and the court's acting on the motion.

9

command of Fed. R. Bankr. P. 1001 that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding."  As the Court observed in *Marrama*, 549 U.S. at 374, "[t]he class of honest but unfortunate debtors who do possess an absolute right to convert their cases from Chapter 7 to Chapter 13 includes the vast majority of the hundreds of thousands of individuals who file Chapter 7 petitions each year." [Footnote omitted.]  It makes no sense to impose on that "vast majority" of debtors who invoke § 706(a) an expensive and time-consuming procedure.  It is thus

ORDERED that the debtor shall promptly file a certificate of service reflecting that she has mailed her motion to the chapter 7 trustee and the United States Trustee by first class mail, and once such a certificate is filed, the court will proceed after five business days to address the motion.  It is further

ORDERED that the debtor is not required to give notice under Rule 2002(a)(4) or notice under LBR 9013-1 as those provisions are inapplicable, and the court sees no special circumstances warranting imposing such requirements.

[Signed and dated above.]

Copies to: Debtor (via BNC and by hand-mailing by the clerk); Chapter 7 Trustee; Office of United States Trustee; Cynthia A. Niklas, Chapter 13 Trustee.